

FILED
CLERK, U.S. DISTRICT COURT

June 1, 2017

CENTRAL DISTRICT OF CALIFORNIA
AB for BH          DEPUTY

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

JS-6

ENVIRONMENTAL DEFENSE
CENTER, a non-profit corporation,

      Plaintiff,

      vs.

VENTURA REGIONAL
SANITATION DISTRICT, a public
agency,

      Defendant.

Case No. 2:16-cv-05607-VAP-FFM

**[PROPOSED] CONSENT DECREE**

## CONSENT DECREE

WHEREAS, Plaintiff Environmental Defense Center ("EDC") is a non-profit public benefit corporation and law firm dedicated to the preservation and enhancement of the local environment primarily within Ventura, Santa Barbara, and San Luis Obispo Counties through education, advocacy, and legal action;

WHEREAS, Defendant Ventura Regional Sanitation District ("VRSD") is a public waste management agency, formed and authorized pursuant to California Health & Safety Code § 4700 et seq., that operates the Toland Road Landfill, a municipal solid waste landfill facility located at 3500 Toland Road in Santa Paula, CA ("Facility"). EDC and VRSD are collectively referred to herein as the "Parties";

WHEREAS, storm water discharges associated with industrial activity at the Facility are regulated pursuant to the National Pollutant Discharge Elimination

System ("NPDES") General Permit No. CAS000001 [State Water Resources Control Board], Water Quality Order No. 92-12-DWQ (as amended by Water Quality Order 97-03-DWQ and as subsequently amended by Water Quality Order No. 2014-0057-DWQ) (hereinafter the "Permit"), issued pursuant to Section 402 of the Federal Water Pollution Control Act ("Clean Water Act" or "the Act"), 33 U.S.C. §1342;

WHEREAS, the Permit includes the following requirements for all permittees, including VRSD: 1) develop and implement a storm water pollution prevention plan ("SWPPP"); 2) control pollutant discharges using best available technology economically achievable ("BAT") and best conventional pollutant control technology ("BCT") to prevent or reduce pollutants; 3) implement BAT and BCT through the development and application of Best Management Practices ("BMPs"), which must be included and updated in the SWPPP; and 4) when necessary, implement additional BMPs to prevent or reduce any pollutants that are causing or contributing to any exceedance of water quality standards;

WHEREAS, on May 3, 2016, EDC served VRSD, the Clerk of VRSD's Board, the Administrator of the Environmental Protection Agency ("EPA"), the Executive Director of the State Water Resources Control Board ("State Board"), the Executive Officer of the Los Angeles Regional Water Quality Control Board ("Regional Board"), the U.S. Attorney General, and the Regional Administrator of the EPA (Region 9) with a notice of intent to file suit ("60-Day Notice") under Sections 505(a)(1) and (f) of the Clean Water Act, 33 U.S.C. § 1365(b)(1)(A), alleging violations of the Act and the Permit at the Facility;

WHEREAS, EDC filed a complaint ("Complaint") against VRSD in the United

States District Court, Central District Court of California on July 27, 2016, entitled *Environmental Defense Center v. Ventura Regional Sanitation District* (Case No. 2:16-cv-05607-VAP-FFM);

WHEREAS, EDC contends in its 60-Day Notice and Complaint that, among other things, VRSD has repeatedly discharged polluted storm water in violation of the Permit and the Clean Water Act:

WHEREAS, VRSD denies all allegations set forth in the 60-Day Notice and Complaint and contends that EDC's Complaint should be dismissed;

WHEREAS, VRSD, whenever there is sufficient storm water flow, has sampled water upstream from the Facility during storm events and has measured high levels of pollutants in said water; and

WHEREAS, VRSD has made plans to make significant investments and improvements to the Facility's storm water pollution prevention plan;

WHEREAS, the Parties, through their authorized representatives and without either adjudication of EDC's claims or any admission by VRSD of any alleged violation or other wrongdoing, believe it is in their mutual interest and choose to resolve in full EDC's allegations in the 60-Day Notice and Complaint through settlement and avoid the cost and uncertainties of further litigation;

NOW THEREFORE IT IS HEREBY STIPULATED BETWEEN THE PARTIES, AND ORDERED AND DECREED BY THE COURT, AS FOLLOWS:

## I.        COMMITMENTS OF VRSD

1.        In order to reduce or prevent pollutants associated with industrial activity from discharging via storm water to the waters of the United States, VRSD shall

implement appropriate structural and non-structural BMPs, as required by the Permit, as described more fully below.

2. **Maintenance of Implemented Storm Water Controls.** VRSD agrees that the Facility shall maintain in good working order all storm water collection and management systems currently installed or to be installed pursuant to this Consent Decree, including but not limited to, existing housekeeping measures.

3. **Improvements to Detention Basin.**

   a. In order to increase the capacity and improve the performance of the main storm water detention basin at the Facility, by April 1, 2017, VRSD shall raise the riser or intake pipe by at least 5 feet.

   b. In order to help drain or discharge cleaner and clearer storm water collected in the main storm water detention basin from the top rather than the bottom, by April 1, 2017, VRSD shall place and put into operation two sets of floating skimmers at different heights within the main storm water detention basin to accomplish that goal.

   c. In order to allow for more time for storm water to settle in the main storm water detention basin, by April 1, 2017, VRSD shall plug the existing French drain outlet in the main storm water detention basin by capping the pipe with a blind flange.

   d. Within fourteen (14) days of each of the above storm water pollution prevention program improvements, VRSD shall e-mail EDC digital photographs confirming said improvements.

4. **Improvements to Slow Velocity of Storm Water Leading to Detention Basin.**

   a. To slow the velocity of storm water flowing towards the main and intermediate storm water detention basins, by May 1, 2017, VRSD shall enhance the check dams throughout the Facility by both implementing additional check dams and enhancing the effectiveness of already implemented check dams.

   b. To reduce sediment loading to the detention basin, by June 1, 2017, VRSD shall: (i) ensure that all asphalt or concrete lined storm water drainage channels that lead to the intermediate or main storm water detention basins are fitted with intermittently placed gravel bags or sand bags or compost filter socks; (ii) lay down jute-netting over any earthen swales that are not stabilized by vegetation or structural BMPs in the Facility; and (iii) hydroseed and water non-vegetated slopes and areas around the Facility.

   c. To maintain the effectiveness of check dams and the use of gravel or sand bags or compost filter socks in the Facility's asphalt or concrete storm water drainage channels, VRSD shall maintain a written, annual log of check dam and sand or gravel bag or compost filter sock placements, improvements and adjustments at the Facility along with a map of the Facility showing the location of these check dams and shall provide a digital copy of this log and map to EDC for its review on an annual basis. VRSD agrees to

provide EDC with an initial map of check dam and sand or gravel bag or compost filter sock placements at the Facility, and related digital photographs, within thirty (30) days of the effective date of this Consent Decree.  Within thirty (30) days of receipt of the log, EDC may provide comments to VRSD regarding potential modifications or improvements to the practices described in the log.  Should EDC provide such comments, VRSD agrees to meet and confer with EDC to discuss and resolve its concerns, if any, that VRSD may have with these EDC comments within sixty (60) days of the receipt of EDC's comments.  Any failure of the Parties to resolve EDC's or VRSD's concerns shall be governed by the dispute resolution provisions set forth in Paragraph 12 of this Consent Decree.

d.    In order to remove or prevent sediment in the storm water drainage channels, VRSD shall conduct post-rain event review and maintenance of these  check dams and placement of gravel or sand bags or compost filter socks no less than six (6)  times per year. VRSD shall maintain a regular schedule of hydroseeding and watering of slopes at the Facility to reduce erosion and sediment in storm water drainage channels.

5.    **Revised Hydrology Report.**

a.    By September 15, 2017, VRSD shall prepare, or cause to be prepared, an amendment to the existing 2007 Hydraulics and

Hydrology Drainage Report for Toland Landfill prepared by Hawks & Associates and send it to EDC. This hydrology report amendment shall, at a minimum, include the following:

    i.    A detailed map of the Facility's current storm water conveyance system, including direction of flows and location of the eastern- and western-perimeter conveyance systems, and any pipes, berms, channels, and catch basins used to collect, divert, and/or retain storm water runoff.

    ii.    A detailed, quantitative analysis that further supports or demonstrates that the Facility's storm water conveyances and main storm water detention basin are adequately sized to handle a 100-year, 24-hour rainfall event for both current landfill (i.e., as of February 2017) conditions as well as future (capped or closed) landfill conditions.

b.    Within thirty (30) days of receipt of the hydrology report amendment, EDC may provide comments to VRSD regarding potential modifications or improvements to the report. Should EDC provide such comments, VRSD agrees to meet and confer with EDC to discuss and resolve its concerns, if any, that VRSD may have with these EDC comments within sixty (60) days of the receipt of EDC's comments. Any failure of the Parties to resolve EDC's or VRSD's concerns shall be governed by the dispute

resolution provisions set forth in Paragraph 12 of this Consent Decree.

6. **Updates to SWPPP Map.** Within thirty (30) days of the Effective Date, VRSD shall update the site maps included in its SWPPP for the Facility to depict changes made to the Facility, including those described in Paragraphs 2-4 of this Consent Decree.

7. **Amendment of SWPPP.** Within thirty (30) days of the Effective Date of this Consent Decree, VRSD shall amend the Facility's SWPPP to incorporate all changes, improvements, sample log forms, and best management practices set forth in or resulting from this Consent Decree. VRSD shall ensure that all maps, tables, and text comply with the requirements of the Permit or other applicable regulatory standard. VRSD shall revise, as necessary, the SWPPP to describe all structural and non-structural BMPs, details of the measures to be installed, and discuss why such BMPs should be effective in addressing the quality of storm water discharges from the Facility. A copy of the amended SWPPP shall be provided to EDC within thirty (30) days of completion and submittal to the Regional Board.

8. **Reports.** During the term of this Consent Decree, VRSD shall provide EDC with a copy of all documents submitted to the Regional Board or the State Board concerning the Facility's compliance with the Permit. Such documents and reports shall be transmitted to EDC via electronic mail, if feasible, or by U.S. Mail when electronic transmission is not feasible, at the time the documents are due to be submitted to the Regional Board or State Board.

## II.    MITIGATION, FEES, AND COSTS

9.    **Mitigation Payment**.  In recognition of the good faith efforts by VRSD to comply with all aspects of the Permit and the Clean Water Act at the Facility, and in lieu of payment by VRSD of any civil penalties under the Act, which may have been assessed in this action if it had been adjudicated adverse to VRSD, the Parties agree that VRSD will pay the sum of seventy-five thousand dollars ($75,000.00) to The Nature Conservancy ("TNC") for the sole purpose of funding TNC's on-going invasive species removal  in the Santa Clara River Watershed in order to improve the quality, flow and quantity of surface water and ground water, to improve aquatic species habitat, and to reduce a serious fire hazard.  Payment shall be provided to TNC as follows: The Nature Conservancy, 532 East Main Street, Suite #200, Ventura, CA 93001, Attention: Laura Reige, Santa Clara River & Coast Project Director. Payment shall be made by VRSD to TNC within fifteen (15) calendar days of the Effective Date.  VRSD shall copy EDC with any correspondence and a copy of the check sent to TNC.  TNC shall provide notice to the Parties within thirty (30) days of when the funds are disbursed or used by TNC, setting forth the purpose of the funds.

10.    **Reimbursement of Fees and Costs.**  VRSD shall reimburse EDC in an amount not to exceed sixty-five thousand dollars ($65,000) to help defray EDC's reasonable investigation, expert, and attorneys' fees and costs, and all other reasonable costs incurred as a result of investigating the activities at the Facility related to this Consent Decree, bringing these matters to VRSD's attention, and negotiating a resolution of this action in the public interest.  VRSD shall tender said payment, payable to "Environmental Defense Center", within thirty (30) days of the

Effective Date.

11. **Compliance Monitoring Funds.** As reimbursement for EDC's future fees and costs that may be incurred in order for EDC to monitor VRSD's compliance with this Consent Decree and to effectively meet and confer and evaluate storm water monitoring results for the Facility, VRSD agrees to reimburse EDC for fees and costs incurred in overseeing the implementation of this Consent Decree up to, but not exceeding, five thousand dollars ($5,000.00) per reporting year or a total of no more than $15,000 for the three reporting years set out in this Consent Decree below. Examples of reimbursable monitoring fees and costs include, but are not limited to, those incurred by EDC or its counsel to conduct review of water quality sampling reports, review of annual summary reports, review of the hydrology report, review of other documents submitted pursuant to this Consent Decree, discussion with representatives of VRSD concerning potential changes to compliance requirements, water quality sampling, informal dispute resolution, and other actions necessary to monitor and ensure VRSD's compliance with this Consent Decree. To request reimbursement, EDC shall provide VRSD with an annual invoice containing an itemized description for any fees and costs claimed for the prior twelve (12) month period. Up to a maximum of three payments (one addressing monitoring associated with the 2016-2017 reporting year, one addressing any monitoring associated with the 2017-2018 reporting year, and one addressing any monitoring associated with the 2018-2019 reporting year) shall be made payable to "Environmental Defense Center" within thirty (30) days of receipt of an invoice from EDC which contains an itemized description of fees and costs incurred by EDC to monitor implementation of the

Consent Decree during the previous twelve (12) months.

12. **Dispute Resolution.** If a dispute between the Parties under this Consent Decree arises, or either Party believes that a breach of this Consent Decree has occurred, the Parties shall schedule a meet and confer within ten (10) business days of receiving written notification from the other Party of a request for a meeting to determine whether a violation of this Consent Decree has occurred and to develop a mutually agreed upon plan, including implementation dates, to resolve the dispute. In the event that such disputes cannot be resolved through this meet and confer process, the Parties agree to request a settlement meeting before the Magistrate Judge assigned to this action. The Parties agree to file any waivers necessary for the Magistrate Judge to preside over any settlement conference pursuant to this Paragraph. In the event that the Parties cannot resolve the dispute by the conclusion of the settlement meeting with the Magistrate Judge, the Parties agree to submit the dispute via motion to the District Court. In resolving any dispute arising from this Consent Decree, the Court shall have discretion to award attorneys' fees and costs to either party. The relevant provisions of the then-applicable Clean Water Act and Rule 11 of the Federal Rules of Civil Procedure shall govern the allocation of fees and costs in connection with the resolution of any disputes before the District Court. The District Court's award of any relief in a dispute brought pursuant to this paragraph shall be limited to compliance orders and awards of attorneys' fees and costs, subject to proof.

III. **JURISDICTION OVER PARTIES AND SUBJECT MATTER OF THE CONSENT DECREE**

13. **Jurisdiction.** For the purposes of this Consent Decree, the Parties

stipulate that the United States District Court of California, Central District of California, has jurisdiction over the Parties and subject matter of this Consent Decree. The Parties stipulate that venue is appropriate in the Central District of California and that VRSD will not raise in the future as part of enforcement of this Consent Decree whether EDC has standing to bring the Complaint or any subsequent action or motion pursuant to the Dispute Resolution procedures herein.

14.     **Submission of Consent Decree to DOJ.**   Within three (3) business days of receiving all of the Parties' signatures to this Consent Decree, EDC shall submit this Consent Decree to the U.S. Department of Justice ("DOJ") and EPA for agency review consistent with 40 C.F.R. §135.5.  The agency review period expires forty-five (45) calendar days after receipt by the DOJ, evidenced by correspondence from DOJ establishing the review period.  In the event DOJ comments negatively on the provisions of this Consent Decree, the Parties agree to meet and confer to attempt to resolve the issues raised by DOJ.

## IV.   WAIVER, RELEASES AND COVENANTS NOT TO SUE

15.     In consideration of the payments that are to be made by VRSD above, and except as otherwise provided by this Consent Decree, the EDC hereby covenants not to sue or to take administrative action against VRSD for any allegations and claims set forth in the 60-Day Notice Letter and Complaint for storm water pollution discharge at the Facility up to and including the Termination Date of this Consent Decree.

16.     The Parties forever and fully release each other and their respective parents, affiliates, subsidiaries, divisions, insurers, successors, assigns, and current

and former employees, attorneys, officers, directors and agents from any and all claims and demands of any kind, nature, or description whatsoever, and from any and all liabilities, damages, injuries, actions or causes of action, either at law or in equity, which the Parties have against each other arising from EDC's allegations and claims as set forth in the 60-Day Notice Letter and Complaint for storm water pollution discharges at the Facility up to and including the Termination Date of this Consent Decree.

17.     The Parties acknowledge that they are familiar with section 1542 of the California Civil Code, which provides:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.

The Parties hereby waive and relinquish any rights or benefits they may have under California Civil Code section 1542 with respect to any other claims against each other arising from, or related to, the allegations and claims as set forth in the 60-Day Notice Letter and Complaint for storm water pollution discharges at the Facility up to and including the Termination Date of this Consent Decree.

18.     **No Admission.**  The Parties enter into this Consent Decree for the purpose of avoiding prolonged and costly litigation.  Nothing in this Consent Decree shall be construed as, and VRSD expressly does not intend to imply, any admission as to any fact, finding, issue of law, or violation of law, nor shall compliance with this Consent Decree constitute or be construed as an admission by VRSD of any fact, finding, conclusion, issue of law, or violation of law.  However, this Paragraph shall

not diminish or otherwise affect the obligation, responsibilities, and duties of the Parties under this Consent Decree.

### V.    MISCELLANEOUS PROVISIONS

19.    **Effective Date.**  The Effective Date of this Consent Decree shall be upon the subsequent entry of the Consent Decree by the Court.

20.    **Term of Consent Decree.**   This Consent Decree shall terminate on December 21, 2019, or through the conclusion of any proceeding to enforce this Consent Decree initiated prior to December 21, 2019, or until the completion of any payment or affirmative duty required by this Consent Decree, whichever is the later occurrence.

21.    **Execution in Counterparts.**  The Consent Decree may be executed in one or more counterparts which, taken together, shall be deemed to constitute one and the same document.

22.    **Facsimile Signatures.**  The Parties' signatures to this Consent Decree transmitted by facsimile or electronic mail transmission shall be deemed binding.

23.    **Construction.**  The language in all parts of this Consent Decree, unless otherwise stated, shall be construed according to its plain and ordinary meaning.  The captions and paragraph headings used in this Consent Decree are for reference only and shall not affect the construction of this Consent Decree.

24.    **Authority to Sign.**  The undersigned are authorized to execute this Consent Decree on behalf of their respective parties and have read, understood and agreed to all of the terms and conditions of this Consent Decree.

25.    **Integrated Consent Decree.**  All agreements, covenants, representations

and warranties, express or implied, oral or written, of the Parties concerning the subject matter of this Consent Decree are contained herein.

26.     **Severability.**  In the event that any of the provisions of this Consent Decree are held by a court to be unenforceable, the validity of the enforceable provisions shall not be adversely affected.

27.     **Choice of Law.**  This Consent Decree shall be governed by the laws of the United States, and where applicable, the laws of the State of California.

28.     **Full Settlement.**  This Consent Decree constitutes a full and final settlement of this matter.  It is expressly understood and agreed that the Consent Decree has been freely and voluntarily entered into by the Parties with and upon advice of counsel.

29.     **Negotiated Agreement.**  The Parties have negotiated this Consent Decree, and agree that it shall not be construed against the party preparing it, but shall be construed as if the Parties jointly prepared this Consent Decree, and any uncertainty and ambiguity shall not be interpreted against any one party.

30.     **Modification of the Agreement.**  This Consent Decree, and any provisions herein, may not be changed, waived, or discharged unless by a written instrument signed by the Parties.

31.     **Assignment.**  Subject only to the express restrictions contained in this Consent Decree, all of the rights, duties and obligations contained in this Consent Decree shall inure to the benefit of and be binding upon the Parties, and their successors and assigns.

32.     **Mailing of Documents to EDC/Notices/Correspondence.**  Any notices

or documents required or provided for by this Consent Decree or related thereto that are to be provided to EDC pursuant to this Consent Decree shall be, to the extent feasible, sent via electronic mail transmission to the e-mail addresses listed below or, if electronic mail transmission is not feasible, via certified U.S. Mail with return receipt, or by hand delivery to the following address:

EDC:

Maggie Hall
Environmental Defense Center
906 Garden Street
Santa Barbara, CA 93101
E-mail: mhall@environmentaldefensecenter.org

With copies sent to:

Douglas Chermak
Lozeau Drury LLP
410 12th Street, Suite 250
Oakland, CA 94607
E-mail:  doug@lozeaudrury.com

Unless requested otherwise by VRSD, any notices or documents required or provided for by this Consent Decree or related thereto that are to be provided to VRSD pursuant to this Consent Decree shall, to the extent feasible, be provided by electronic mail transmission to the e-mail addresses listed below, or, if electronic mail transmission is not feasible, by certified U.S. Mail with return receipt, or by hand delivery to the addresses below:

VRSD:

Chris Theisen, General Manager
Ventura Regional Sanitation District
1001 Partridge Drive, Suite #150
Ventura, CA 93003-0704
E-mail:  ChrisTheisen@vrsd.com

With copies sent to:

Robert N. Kwong
Arnold LaRochelle Mathews VanConas & Zirbel LLP
300 Esplanade Drive, Suite 2100
Oxnard, CA 93036
E-mail: rkwong@atozlaw.com

Notifications of communications shall be deemed submitted on the date that they are emailed, or postmarked and sent by first-class mail or deposited with an overnight mail/delivery service. Any changes of address or addressees shall be communicated in the manner described above for giving notices.

33. **Impossibility of Performance.** No Party shall be considered to be in default in the performance of any of its obligations under this Consent Decree when performance becomes impossible, despite the timely good faith efforts of the Party, due to circumstances beyond the Party's control, including without limitation any act of God, act of war or terrorism, fire, earthquake, flood, and restraint by court order or public authority. "Circumstances beyond the Party's control" shall not include normal inclement weather, economic hardship or inability to pay. Any Party seeking to rely upon this paragraph shall have the burden of establishing that it could not reasonably have been expected to avoid, and which by exercise of due diligence has been unable to overcome, the impossibility of performance.

34. If for any reason the DOJ or the District Court should decline to approve this Consent Decree in the form presented, the Parties shall use their best efforts to work together to modify the Consent Decree within thirty (30) days so that it is acceptable to the DOJ or the District Court. If the Parties are unable to modify this

Consent Decree in a mutually acceptable manner that is also acceptable to the District Court, this Consent Decree shall immediately be null and void as well as inadmissible as a settlement communication under Federal Rule of Evidence 408 and California Evidence Code section 1152.

35.     The settling Parties hereto enter into this Consent Decree, Order and Final Judgment and submit it to the Court for its approval and entry as a final judgment.

[SIGNATURES TO APPEAR ON THE FOLLOWING PAGE]

ENVIRONMENTAL DEFENSE CENTER

Date: _____, 2017

_____
Judith Pirkowitsch
President, Board of Directors
Environmental Defense Center


VENTURA REGIONAL SANITATION DISTRICT

Date: _____, 2017

_____
William Weirick
Chairperson, Board of Directors


Approved as to form:

LOZEAU DRURY LLP

Date: _____, 2017

_____
Douglas Chermak
Attorneys for Environmental Defense Center


ENVIRONMENTAL DEFENSE CENTER

Date: _____, 2017

_____
Margaret Hall
Attorney for Environmental Defense Center

ARNOLD LAROCHELLE MATHEWS VANCONAS & ZIRBEL LLP

Date: _____, 2017


_____
Robert N. Kwong
Attorney for Ventura Regional Sanitation District


APPROVED AND SO ORDERED, this 1st day of June, 2017.


UNITED STATES DISTRICT JUDGE

_____ *Virginia A. Phillips* _____
Hon. Virginia A. Phillips